## THE KILLARNEY.

### SHAMROCK TOWING CO., Inc., v. PITNEY et al.

District Court, S. D. New York.
July 14, 1944.

Alexander & Ash, of New York City (Joseph M. Meehan, of New York City, of counsel), for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for respondents.

CONGER, District Judge.

Suit by libellant (owner of the deckscow "Killarney") against respondents for damage to the Killarney.

Libellant proved by admission and concessions of respondents made either in their answer or on the trial that on or about May 29, 1941, the scow Killarney had been chartered by libellant to respondents; that when delivered to respondents the said scow was in a good and undamaged condition; that when delivered back to libellant, on or about July 25, 1941, the said scow was in a damaged condition.

■ By the proof of these facts libellant made out a prima facie case, and thereby became entitled to the benefit of a presumption of fault by respondents or by those to whom they had entrusted the scow. The burden then rested upon respondents to go forward with the evidence and to overcome the presumption by showing that the damage was not caused by their negligence or the negligence of those for whose conduct they were responsible. The E. T. Halloran, 2 Cir., 111 F.2d 571.

At the end of libellant's case, respondents did assume the burden of going forward with the evidence.

Respondents proved by the scow captain that from the date of the charter (May 29, 1941) the Killarney received no damage other than that suffered on the night of July 3, 1941, while she was tied up on the south side of Pier D, New Jersey.

There is no question but that the damage to the Killarney was caused by a tug which was maneuvering in the vicinity of Pier D.

The captain of the scow and one other witness (who was on the scow at the time) testified that it was the Tug Long Branch that collided with the Killarney. The Long Branch is owned by respondents. The captain and a deckhand of the Tug Long Branch both testified that the Long Branch was never closer than 15 feet to the Killarney.

■ This disputed question of fact I have resolved in favor of respondents. I am satisfied from the evidence that the damage to the Killarney was caused by an unidentified tug (not belonging to Respondents) which backed out of the slip close alongside the scow and between the scow and the Long Branch.

■ Upon consideration of the entire evidence in the case I feel unable to hold respondents liable for any negligence herein. See The Roslyn, 2 Cir., 93 F.2d 278.

Respondents are entitled to a decree dismissing the libel, with costs.

Settle decree on five days' notice.